The Supreme Court in passing upon the case affirms and very satisfactorily establishes the following propositions:
1. That the right of the representatives of a deceased party to continue an action pending at his death, is not *Page 4 
an absolute legal right, but rests in the legal discretion of the court to which the application is made under section 121 of the Code, and that leave to continue the action may be granted or refused according to the particular circumstances of each case.
2. That a long delay in making the application, unexcused, constitutes laches, and a valid reason for refusing the leave asked; that in such cases the equitable rule which requires reasonable diligence as well as good faith to put the court in motion prevails, and that the court will not aid a party who has slept upon his rights in the enforcement of stale demands.
3. That so far as disclosed by the record and the papers before the court, the cause of action of the plaintiff as a demand in equity was barred by the statute of limitations before the commencement of the original action, having been perfect in 1835 and the bill in equity filed in 1848; and,
4. That the proceeding to revive and continue the action is barred by lapse of time. The last proceeding in the action was in December, 1848; the plaintiff died in March, 1850, and letters testamentary were issued to his executors in May of the same year, more than twenty-two years before this application. The surviving executor of the plaintiff died in 1860, ten years after his appointment, and twelve years before the petitioner sought the appointment of administrator de bonis non with the will annexed, and set about to galvanize into life this old claim. It is questionable whether this order, involving as it did a question of discretion, is appealable to this court; but as the same practical result will follow an affirmance of the order, as upon the dismissal of appeal, that question will not be considered.
The order of the General Term was clearly right and must be affirmed for the reasons assigned by Judge TALCOTT.*
All concur.
Order affirmed. *Page 5 
[EDITORS' NOTE: THIS PAGE CONTAINED A REPORTERS NOTE.] *Page 6 
[EDITORS' NOTE: THIS PAGE CONTAINED A REPORTERS NOTE.] *Page 7 
[EDITORS' NOTE: THIS PAGE CONTAINED A REPORTERS NOTE.] *Page 8 
[EDITORS' NOTE: THIS PAGE CONTAINED A REPORTERS NOTE.] *Page 9 
[EDITORS' NOTE: THIS PAGE CONTAINED A REPORTERS NOTE.] *Page 10 
[EDITORS' NOTE: THIS PAGE CONTAINED A REPORTERS NOTE.] *Page 11